By the Court.—Speir, J.
By the terms of the agreement between the plaintiff and defendant, it was a condition precedent to the performance of the contract by the defendant-that the plaintiff should obtain the written consent of the Consolidated Tobacco Company and William A. Park, that defendant should succeed to the plaintiff’s interest in the contract with said company. This is admitted by the plaintiff’s counsel, and he asserts such written consent was obtained. ' •
It is important to look at the contract between- the Consolidated Company and William. A. Park & Go., for the purpose of ascertaining what interest was involved in this consent. The contract was executed May 9,1874, before the contract between the plaintiff and defendant was made, and it constituted William A. Park and the plaintiff Felton exclusive agents for five years for the sale throughout that portion of the United States lying east of the Bocky Mountains of nine-tenths of all the cigars and tobacco manufactured by the company. The first point presented is, did the California company execute the agreement alleged in the complaint to have been made between them and , William A. Park and the plaintiff, appointing them such agents ? It is set- out in the complaint and pur *56 ports in the attesting clause to have been signed by the president of the company, and its corporate seal to be affixed thereto and attested by its secretary. The signature to it and its execution was in fact only as follows :
“J. D. CULP,
“ For the Consolidated Tobacco Company of California, by authority as per telegram hereto attached, this to be ratified and properly indorsed by officers of said company.
“ WILLIAM A. PARK.,
H. T. FELTON.”
“ Signed and sealed in presence of “Henry C. Stow.”'
The telegram referred to is as follows :
“Received at Fifth Ave. Hotel, May 8.
“ To J. D. Culp, Hoff. Ho. :
“You are authorized to close contract for sale of our goods on terms desired, but official documents can follow if needed. J. W. STOW,
“President Consolidated Tobacco Co., Cal.”-
There is no evidence in the case that the instrument signed by Culp ever was executed by the president of the company or attested by its secretary, or that the corporate seal was affixed thereto. What the plaintiff agreed to transfer was his half interest with his partner Park as sole agent of the company. Although the contract in terms runs “provided that the consent of the company, if necessary, should be obtained,” it cannot be pretended it was unnecessary. Any other consent would be of no account unless it was a consent to transfer an interest in the agency. If there was no' *57 agency, there could be no interest to be transferred. The contract, like others, is to be construed in accordance with the intent of' the parties. The defendant was justified in believing that if the company was willing to take him in the place of the plaintiff he would become one-half interested in the agency upon paying $4,500, and his becoming such agent was the condition of the payment. It does not appear that Culp had any authority to execute such an agreement. Stow, by his telegram, did not undertake to give any such authority. The company having heard that the plaintiff’s firm claimed to have a written contract with them, executed by Culp as its agent, wrote to the firm on the same day that the contract between the parties to the suit was executed, informing them that Culp had no authority to contract in behalf of the company, and that they had before notified them that the instrument referred to had been disapproved by the trustees.
It is apparent from all- the evidence that the company at all times repudiated the agreement set up by the plaintiff between it and plaintiff’s firm, and also the agency of Culp to contract for them ; and further, that they did not recognize the existence of any contract binding the company to. continue their agency. The learned judge properly dismissed the complaint upon the ground that the plaintiff had not procured any such consent as a preliminary step to his right to recover.
The consent that was given by the company, as testified to by the plaintiff and his witness Stow, did not even in terms amount to a consent. It contained in substance a provision that the giving of the consent was not to assume any recognition by the company of the existence of the contract claimed by the plaintiff to have been entered into. It was only a consent to the transfer of such right as the plaintiff might have, stafc *58 ing that he had no right at all—a strong intimation that the defendant, after the transfer, would not be recognized as agent. In Other words, the plaintiff, Felton, may make any arrangement with the defendant McClave to substitute him in his place as employee of the tobacco company. Nevertheless the company can say to him, you may transfer whatever right you have, but we will not permit you to be our agent to do our work.
The judgment should be affirmed, with costs.
Curtís, Ch. J., concurred.